## BROWNE *a.* BRADLEY.

*Supreme Court, Utica Special Term; July,* 1857.

DISCHARGE FROM IMPRISONMENT.—AFFIDAVIT.

A discharge from imprisonment of a debtor imprisoned on execution (granted under 2 *Revised Statutes,* 31), is void, where the papers on which the discharge was granted show that the judgment on which the debtor was taken in execution exceeded $500, but fail to show that he had been imprisoned three months. Such discharge is also void unless the affidavit accompanying the petition is sworn to *at the time* of making the application for the discharge.

Motion for leave to issue a new execution against the person of a judgment debtor.

This action was brought by John Browne, Receiver of the Globe Insurance Company, against George T. Bradley. Judgment was recovered in Oneida county against the defendant on July 20, 1855, for $1650.67, being for premiums, &c., collected by the defendant, as agent for the Globe Insurance Company. An execution upon the judgment, against the property of the defendant, having been returned unsatisfied, an execution against his body was issued to the sheriff of the city and county of New York, under which he was arrested.

The defendant, thereupon, on March 13, 1857, served upon the attorneys for the plaintiff a petition and other papers, with a notice, stating that he would apply to this court, at a special term to be held in the city of New York, on the 31st day of March, for a discharge from imprisonment, under the provisions of the article of the Revised Statutes, entitled " of voluntary assignments by a debtor imprisoned on execution in civil causes" (2 *Rev. Stats.,* 31, *marg. p.*) The petition, omitting that portion which contains a schedule of the defendant's property, was in the words following:

*To the Justices of the Supreme Court of the State of New York:*

The petition of George T. Bradley, of the city and county of New York, respectfully shows—

That your petitioner is imprisoned in the jail of the city and county of New York, by virtue of an execution issued out of this

court, upon a judgment entered therein in favor of John Browne, Receiver, plaintiff, against your petitioner, for the sum of sixteen hundred and fifty dollars sixty-seven cents, as appears by the certificate of the sheriff of said city and county hereto annexed.

Your petitioner, therefore, prays the order of this court, directing the said sheriff to bring your petitioner into this court, at a time to be assigned for that purpose, that the plaintiff in this suit aforesaid may personally or by his attorney show cause, if any he may have, why an assignment of all your petitioner's estate as hereinafter mentioned should not be made, and your petitioner be thereupon discharged from his imprisonment in said suit, in pursuance of the provisions of the statute concerning "Voluntary assignments by a debtor imprisoned on execution in civil causes."

Appended to the petition and schedule was the certificate of the sheriff, showing that the petitioner was confined in the limits; and also the affidavit, a form of which is given in section 5 of the article of the Revised Statutes, under which the application was made. This affidavit was sworn to on the *tenth* of March, 1857.

On the *thirty-first* of March the petition was presented, and the usual order was made, that the applicant be brought into court on the 8th of April, on which day an order for an assignment was made, and on the 9th of April, proof having been made of the execution of the assignment and the delivery of the property, &c., the court granted an order discharging the defendant, which order having been served on the sheriff, the defendant was discharged accordingly.

All of the above-mentioned orders were granted without any appearance by the plaintiff.

On the 19th day of June, the plaintiff's attorneys served on the defendant, personally, a notice of a motion to be made at the July term for leave to issue a new execution against the body of the defendant, on the ground that the proceedings in New York were void for want of jurisdiction.

*M. H. Throop,* for the motion.—I. Although these proceedings were before the court, and not before a judge at chambers,

still, as the jurisdiction to entertain them is specially conferred by statute, and is not a part of the general common-law jurisdiction of the Supreme Court, it is *quoad hoc* an inferior court. (2 *Cow. & H.*, *notes*, 946, 949, 1013; 3 *Comst.*, 511, 522, 523; 2 *Hill*, 14.)

II. The discharge is void, because the papers upon which it was granted showed affirmatively that the judgment exceeded $500, and did not show that the defendant had been imprisoned three months. This was a jurisdictional fact, and it not having been averred, the proceedings are void. (§ 2 *of the act;* 2 *Seld.*, 176; 2 *Kern.*, 575; 1 *Seld.*, 106; 3 *Hill*, 109; 5 *Den:*, 554; 13 *How. Pr. R.*, 475; 1 *Seld.*, 164.)

III. The proceedings are also void because the affidavit required by section 5 was made twenty-one days before the presentation of the petition, instead of being made *at the time*, as the statute requires.

IV. These defects avoid the proceedings whenever they come in question collaterally. Whatever renders it ground of reversal, on certiorari, avoids them collaterally. (2 *Cow. & H.*, *notes*, 987, 989.)

V. A motion for a new execution is a proper method of testing the question. (2 *Rev. Stats.*, 364, § 8; 12 *How. Pr. R.*, 65; 17 *Barb.*, 644.)

*W. W. Howes*, opposed.—I. The statute specifies what the petition shall contain, and a compliance with the statute is all that is necessary.

II. The plaintiff should have appeared and made his objections.

III. There is nothing in the statute requiring the affidavit to be sworn to at the time the petition is presented; it suffices if an affidavit in that form is presented with the petition.

IV. If the proceedings are defective, we ask for leave to amend them.

BACON, J.—This is a special statutory proceeding, and jurisdiction must appear upon the record. The cases cited, decided under the non-imprisonment act, show, that all the facts to entitle the applicant to a discharge must appear in the petition, and that the specification in the statute of certain facts which must

appear, it being apparent that the statute does not attempt to prescribe the full contents of the petition, does not obviate the necessity of averring the existence of other jurisdictional facts, if such facts must exist to give the court jurisdiction.   Here the power of the court to act, inasmuch as the judgment exceeded $500, was dependent upon the fact that the applicant had been imprisoned three months, and the failure to allege that he had been imprisoned for that length of time, renders all the proceedings void.

Again, as I read the statute, the affidavit required by section 5, must be sworn to at the time the petition is presented.   If the applicant can make this affidavit twenty days in advance, he may do so three months in advance, or a longer time.   By section 13 a new execution can only issue after the applicant is convicted of perjury *in the proceedings*.   If an affidavit made in advance is sufficient, intermediate between the time of making it and the presentation of the petition the applicant might perhaps acquire property, by bequest, descent, or otherwise, the fraudulent disposition of which, before his application, would neither affect his right to a discharge, nor enable the plaintiff, on discovering the fact, to prosecute him for perjury, and to issue a new execution against his body after his conviction.

Even if this court could grant an amendment of the proceedings in New York, there can be no amendment so as to supply the absence of jurisdictional facts ; besides which, the whole proceeding is *functus officio* by the discharge.

Motion granted.