Joseph F. Daly, J.
It appears from th'e papers read on this motion, that Jacob Rosenberg is charged *451 in execution against his person for the sum of eight hundred and nine dollars and thirty one cents, issued out of this court; that, by petition dated September 29, 1870, he applied to this court for a discharge, and on November 15, 1870, his application was denied on the ground that, upon his examination in said proceedings, it appeared to the court, that his account was incorrect; and an order to that effect was entered.
On April 28, 1871, the prisoner applied for and obtained from this court, ex parte, an order giving him leave to move the court, on eight days’ notice, for an order opening the order of November 15, 1870, and for a rehearing of the application for discharge, and an order permitting the petition to be amended by inserting therein the claims, the omission of which therefrom was the ground of refusing his application for a discharge. Pursuant to such leave, the petitioner now moves this court upon affidavits of the petitioner and his attorney, the aforesaid order of leave, the proceedings in this action, and the petition of the prisoner for the following' relief.
1. For an order- opening the order of November 15, 1870, denying the application of the prisoner to be discharged from imprisonment.
2. For a rehearing of said application.
3. For leave to amend the petition of the prisoner, and the inventory thereto annexed, by inserting after the words “Personal Estate, none,” the words and figures “ except the following: Debts due to petitioner by the following persons and here follows a list of debts.
The affidavits of the petitioner show that on his examination upon his application, he had omitted in the account of his éstate, in his petition, to state certain debts due him from certain persons ; that at the time of preparing his petition and presenting the same to the court, said debts never occurred to his mind ; that he *452 believed said debts uncollectable, the parties indebted being insolvent or having absconded ; that he believed said debts without value, and it was only when questioned on the examination by the attorney for the creditors, that he remembered the existence of the debts ; that his omission to insert them arose entirely through inadvertence, and not from any fraudulent » intent, and that he certainly would have inserted them if he had thought of them or either of them before his examination.
The affidavit of the petitioner’s attorney shows that he never knew petitioner had any claims whatever, as otherwise he would have advised the insertion of them in the inventory ; also that when the judge presiding in court, who made the order denying the application, was handed the order to sign, he struck out the words “ and that his proceedings are not just and fair,” saying that it appeared from the examination that the debts had been inadvertently omitted, and that- he granted the order without prejudice to a renewal, or words to that effect.
The creditors opposing this motion presented no affidavits. They took the objection that this court had not the power to make the order asked for in any of its parts ; also that the court never obtained jurisdiction of the original proceedings for discharge, because the petition did not show how long the petitioner had been imprisoned, and that, as the court had never acquired jurisdiction of those proceedings, it could not now make an order to open the final order made in those proceedings, nor to amend the petition nor rehear the application.
The first objection will be considered, viz : want ol power in the court to reopen the proceedings in any event.
The proceedings are statutory, and instituted under section 1, article 6, chapter 5, title 1, part 2, of the Revised *453 Statutes. Every step prescribed by the statute must of course be strictly followed, and the prisoner can be discharged only in the manner prescribed by its terms. The first step toward the discharge is the order for an assignment which the court may make, “if satisfied that the petition and account of the applicant are correct, and that his proceedings are just and fair;” and finally, if the court is satisfied that “ his proceedings are just and fair,” his discharge shall be ordered (Statute, §§ 6, 7, 8).
It has been already held in this court that the decision of the court upon such application, to the effect that the petition and account of the prisoner are not correct, or that his proceedings are not just and fair, is conclusive upon the prisoner, unless reversed on appeal, and has the force of an. adjudication to the fullest extent ; forming a complete bar to any subsequent or new ■proceedings by new petition for discharge under said act. The reason being that, as the prisoner could only be discharged on proving his petition and account correct, and his proceedings just and fair, a decision against him on those points was conclusive evidence in all courts and in all applications, and could not be explained or corrected in any new proceeding (Matter of Thomas, 10 Abb. Pr. N. S., 114).
It was also decided in . the same case, that the only course for the prisoner against whom such a decision had been rendered, was to apply to the court for an order setting aside such order and for a rehearing of the application and amendment of the petition and schedules, if his application had been denied for omission to state property. And this proceeding was followed in that case, and the prisoner, having got leave, amended his petition by adding the property left out, made his assignment, and was discharged.
It must be conceded that this practice is reasonable and unoppressive to the prisoner, as well as just to *454 the creditor. The object of the statute is to have the whole property of the prisoner turned over to the as signee to satisfy the creditors’ demands. It is hardly fair to hold the debtor to the most perfect and unimpeachable recollection, at the time of making up his schedules, of every minute claim or debt or item of property that he owns, particularly if, from long belief in their utter worthlessness, he has discharged them from his mind. If he, on his examination, remember those particulars, he should and will be allowed on the hearing to amend his petition, if the court be satisfied that the omission to insert them was not intentional or fraudulent. This has been expressly held (Brodie v. Stephens, 2 Johns., 289 ; Matter of Andriot, 2 Daly, 28.
If the debtor do not ask leave to amend on the hearing, and an order is entered denying his application, it is clear that he must first get rid of the order before there is any proceeding pending to be amended, it being regarded that an order denying the application is tíie end and proper determination of the proceeding, as well as an order granting the application and discharging the prisoner would be, although the statute nowhere speaks of any denial of the debtor’s petition, or any formal or informal record of its denial.
It must be remembered that the application for discharge under the statute is a proceeding in court, and addressed to the court. It may be addressed to the court from which the execution issued, or to the court of common pleas of the county in which the debtor is imprisoned (same statute, § 1). The power and authority of all courts of record, proceeding according to course of the common law, over orders and judgments, is inherent and coextensive with the remedy necessary to be applied in case of any injury or apprehended failure of justice. It cannot be doubted that this court possesses the power, in proceedings under *455 the statute in question, to set aside an order, final or otherwise, procured by fraud or misrepresentation, or by default. The entry of an order denying the prisoner’s application is, as I have said, unwarranted by the statute, but the authority to make it is implied from the authority of the court under the statute to make an order granting the application, and from the general authority of courts to make record of their determinations. It is also true that the statute gives no authority for an appeal from the decision of the court in granting or refusing the application, yet an appeal will lie to the general term from such order, and the general term will affirm or reverse it. The power of the court below to open and set aside or modify its own order for the furtherance of justice, rests upon the same foundation as the power of the court on appeal to reverse it, viz : the necessity of the case; for without it there would be a failure of justice. I have no doubt of this power, and I regard it as proper to be exercised wherever it appears that the amendment asked for is one which would be allowed upon the hearing of the original application, and that no demand .was then made of the debtor to insert the omitted items, which he refused to comply with. The proofs before me, on the petitioner’s part, of good faith, and that the debts were inadvertently omitted, are not denied by the creditors, and it does not appear that he was ever asked or ordered to insert them in his petition, or to make an. assignment of them. As the order asked for will work no harm to the creditors opposing, more than leave to amend would have caused them on the original hearing, I think it a proper case for the exercise of the power of the court.
But on setting aside the order of this court made November 15,1870, and reopening the application for a rehearing, the objection taken in the second place by the creditors is to be considered. This is, that the court- *456 had no jurisdiction of the application in the first place, because the petition failed to state that the prisoner had been imprisoned over three months, he being charged for over five hundred dollars (Brown v. Bradley, 5 Abb. Pr., 141; People v. White, 14 How. Pr., 498; Frees v. Ford, 6 N. Y. [2 Seld.], 176; Castellanos v. Jones, 5 N. Y. [1 Seld.], 164.
The petition before me shows the objection to be well taken. It states the debt to be eight hundred and nine dollars and thirty-one cents, but does not show how long the debtor has been imprisoned. The c ourt acquires jurisdiction of the application only when the person imprisoned for over five hundred dollars presents his petition after he has been imprisoned for three months.
The point or objection to the jurisdiction was not taken originally on the hearing on the petition, but as it is jurisdictional, may be taken when the application is again under consideration. My view is that the petition should have been dismissed, originally, for want of jurisdiction, and should be so dismissed on granting the motion to rehear.
The third objection by the creditors, that because the court had no jurisdiction of the original proceeding for the reason above set forth, and had no authority to make the order refusing the discharge on the merits, this court has no power now to set aside the latter order, hardly requires notice. The court has always ’power to vacate orders, judgments and decrees entered •irregularly and without jurisdiction.
An order should be entered opening and setting aside the order of November 15,1870, in these proceedings, but denying the motion to amend, and, reciting the creditors’ objection on the ground of want of jurisdiction, a further order dismissing the proceedings had under the petition of September 29, 1870.
As both parties have on this application in a measure prevailed, no costs will be allowed to either.