J. F. Daly, J.
The fourteen days’ notice required by section 3 was given, and pursuant thereto, the debtor and the opposing creditors appeared in court on August 24, 1871.
The petition, with due proof of the service of a copy thereof, and of the account thereto annexed, and the notice required by the same article, were presented to the court, and an order was thereupon made pursuant to section 6, that the applicant be brought before the court on September 7, 1871.
The opposing creditors reserved all objections until the latter date.
On September 7, 1871, all parties being in court, the applicant presented his petition to the court, and offered to swear to the affidavit indorsed on this petition, according to section 5.
The creditors objected, on the ground that such affidavit should have been sworn to on August 24, 1870, when the petition was presented to obtain the order, to bring the applicant into court, and further objected, that by reason of the affidavit not having been then and there sworn to, the court had lost jurisdiction of the proceedings.
One decision on this point is quoted by the creditors, where the supreme court (Utica special term, July, 1857), in a case where the affidavit had been sworn to on March 10, while the petition was not presented until March 31, for the order to bring the prisoner into court, held that the affidavit must be sworn to atv the time the petition is presented (Browne v. Bradley, 5 Abb. Pr., 141).
In Crary’s Special Proceedings, it is laid down that, the affidavit must be sworn to at the time of *404 making the application for the discharge ; but no authority is given for this, the above case only, being cited (1 Crary N. Y. Pr., 3 ed., 549).
I have not been able to ascertain that any unreported decisions have been made on this point, viz: Whether the affidavit called for by section 5 of article 5, may be made after the time of actually presenting the petition for the order mentioned in section 6. The case in 5 Abb. Pr., 141 (supra), is to the effect that such affidavit cannot be made before such presenting, and the reasoning of the court shows good ground for the decision; but that reasoning is not applicable to the present case, since the applicant could not intermediate preparing his petition and presenting it, come into possession of property, and dispose of it without being liable to conviction of perjury, if the affidavit be sworn to after the presentation of the petition as required by article 6.
But the statute must be strictly followed to confer jurisdiction. It seems, on a first glance at the statute, that there is but one time of “presenting” the petition, and that is, when the order to bring the applicant into court is asked for, and that the affidavit must be then sworn to (see sections 3, 5 and 6). But it is asked by petitioner’s counsel, how can that time of presenting the petition be the time to swear to the affidavit, when the applicant who is to swear to it is not then in court and cannot be brought there without the order under section 6 to bring him into court on a day to be assigned ?
The counsel for the creditors was not able to show that the act provided for the case of a debtor actually imprisoned, who. could not be brought into court to swear to the affidavit under section 5, until the petition had been presented under section 6.
It appears to me, that in order to prevent such a construction of the statute as would lead to an absurd *405 ity, that the presenting of the petition should not (under section 5) be deemed to mean the actual moment when it is handed to the court on the application for an order to bring the prisoner before it, but should be construed to extend from that moment until the actual production of the prisoner under the order mentioned in section 6, when he can, for the first time, appear in court in person, to take the oath.
The petition is, indeed, before the court the whole time, no proceedings being possible until the petition is produced.
This view is suggested by Mr. Justice Jones, of the superior court of this city, and is the most reasonable construction the statute will bear.
I hold the affidavit to be properly sworn to on the day the petitioner is brought into court.